Timothy Carl Aires (SBN 138169)
**AIRES LAW FIRM**
180 Newport Center Drive, Suite 260
Newport Beach, CA 92660
Telephone: (949) 718-2020
Facsimile: (949) 718-2021

Attorneys for Plaintiff/Cross-Defendant
FJ ASIA CO, LTD.

Enoch H. Liang (SBN 212324)
**LEE TRAN & LIANG APLC**
1055 W. Seventh Street, Suite 2820
Los Angeles, CA 90017
Telephone: (213) 612-3773
Facsimile: (213) 612-7614

Attorneys for Defendant/Cross-Complainant
FLUIDITY FITNESS, LLC

Tymothy S. MacLeod (SBN 200923)
*tsm@mzllp.com*
Rana S. Ziaee (SBN 226238)
*rsz@mzllp.com*
**MACLEOD & ZIAEE, LLP**
2603 Main Street, Ste. 1190
Irvine, CA 92614
Telephone: (949) 336-7600
Facsimile: (949) 336-7614

Attorneys for Defendants
MICHELLE AUSTIN AND
FLUIDITY ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| FJ ASIA CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> FLUIDITY FITNESS LLC; FLUIDITY ENTERPRISES INC.; MICHELLE AUSTIN; and DOES 4 through 50, inclusive, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No: ED CV 08-cv-01826-VAP (OPx) <br><br> **PROTECTIVE ORDER** <br><br><br><br><br><br><br><br><br><br> Hearing Date: N/A <br> Hearing Time: N/A <br> Dept. No.: Courtroom 3 |

1

[PROPOSED] PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by Plaintiff and Cross-Defendant FJ ASIA CO. LTD.; Cross-Defendants FJ ASSOCIATES and FITJOY SOURCING & DEVELOPMENT CO. LTD.; Defendant and Cross-Complainant FLUIDITY FITNESS, LLC; Defendant FLUIDITY ENTERPRISES, INC. and Defendant MICHELLE AUSTIN (collectively, the "**Parties**"), through their respective attorneys of record, that the following [proposed] Protective Order should govern the handling of documents, deposition transcripts, discovery responses and other materials filed, produced or otherwise disclosed in the above-captioned matter ("**Case Material**"):

### 1. Designation of Confidential and/or Attorney's Eyes Only Material.

Designation of any Case Material as confidential or for attorneys' eyes only shall be made by placing or affixing on the document or other material in a manner which will not interfere with its legibility the word "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY."

a. Case Material may only be designated as "CONFIDENTIAL" when the designating party in good faith believes it constitutes, reflects or contains non-public financial, personal, or business information ("**Confidential Material**"). Except as provided herein, and to the extent possible, the designation of Case Material as confidential shall be made prior to, or contemporaneously with, the production or disclosure of that material.

b. Case Material of a highly confidential and/or proprietary nature, such as Case Material which constitutes, reflects or discloses trade secret information of the designating party, and which the designating party wishes to maintain in confidence ("**Attorney's Eyes Only Material**"), may in good faith be marked as "ATTORNEY'S EYES ONLY". Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only as set forth in paragraph 6 below.

c. Information that is in the public domain shall not be designated as

Attorney's Eyes Only Information.

      d.    In the event that confidential Case Material is inadvertently not designated as Confidential Material or Attorney's Eyes Only Material, the receiving party, upon notice from the originating party, will designate and treat the material as Confidential Material (or Attorneys' Eyes Only Material, as appropriate) from that point forward.

### 2.    Deposition Transcripts and Videotapes.

      (a)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential Material or Attorney's Eyes Only Material if they are designated as such when the deposition is taken.

      (b)    Any portion of any deposition that uses or refers to Confidential Material or Attorney's Eyes Only Material shall automatically be deemed as such without the necessity of having counsel so designate.

### 3.    Scope of Protective Order.

      (a)    Any Case Material designated as Confidential Material under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons (including employees of the parties) receiving any such materials pursuant to the terms hereof (including persons identified in paragraphs 4 and 6 below) for any purposes whatsoever other than preparing for and conducting the litigation in which the materials were disclosed (including appeals).

      (b)    Any Case Material designated as Attorneys Eyes Only Material under this Protective Order shall not be used by or disclosed to the parties or any person other than (i) outside counsel of record or (ii) experts designated pursuant to section 6(c) herein, for any purpose whatsoever. Such material shall not be used or disclosed by the above referenced individuals for any purpose whatsoever other than preparing for and

conducting the litigation in which the materials were disclosed (including appeals).

### 4.     Disclosure of Confidential Material.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Materials under this Order to any other person or entity, except that disclosures may be made as follows:

(a)     Disclosure may be made to counsel (including in-house counsel) and employees of counsel for the parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom). Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this order requiring, among other things, that the Confidential Material be held in confidence.

(b)     Disclosure may be made to parties and employees of a party only to the extent that the party believes in good faith that such employee is required to provide assistance in the conduct of the litigation. Any such person shall be advised by the disclosing party of this Order and shall be subject to the provisions hereof requiring, among other things, that Confidential Material be held in confidence.

(c)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order.

(d)     Disclosure may be made to internal and external consultants, investigators, or experts retained by counsel to provide assistance in the conduct of the litigation (hereinafter referred to collectively as "**experts**"). Prior to disclosure to any expert, such expert must agree to be bound by the provisions of this order.

(e)     Disclosure may be made to witnesses at deposition in the preparation and trial of the lawsuit only if they agree to be bound by this order. Prior to disclosure to

any witness, the witness must be informed of and agree to be subject to the provisions of this order requiring, among other things, that Confidential Material be held in confidence. If Confidential Material is disclosed to a witness, and is so designated by the counsel disclosing the Confidential Material, unless the witness objects, a witness shall be deemed to have agreed to be subject to the protective order.

### 5.     Disclosure to Persons Other than Counsel and Parties.

Each person given access to Confidential Material pursuant to paragraphs 4(c) through 4(e) and/or Attorney's Eyes Only Material pursuant to paragraphs 6(b) through 6(d) shall be advised in advance that such Confidential Material and/or Attorney's Eyes Only Material is being disclosed subject to the terms of the order entered on this Stipulation. Before being provided with a copy of any Confidential Material and/or Attorney's Eyes Only Material, each such person shall be provided with a copy of the order entered on this Stipulation. Confidential Material or Attorney's Eyes Only Material may not be disclosed to a business competitor of any party.

### 6.     Disclosure of Attorney's Eyes Only Material.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Attorney's Eyes Only Materials under this Order to any other person or entity, except that disclosures may be made as follows:

(a)     Disclosure may be made to outside counsel of record and employees of such counsel for the parties only to the extent that such persons have direct functional responsibility for the preparation and trial of the lawsuit (or any appeal therefrom). Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this order requiring, among other things, that the Attorney's Eyes Only Material be held in confidence. Disclosure of Attorney's Eyes Only Material shall not in any event be made to in-house counsel for the parties, or other employees of the parties.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order.

(c) Disclosure may be made to experts retained by outside counsel of record to provide assistance in the conduct of the litigation, including any neutral expert the parties agree to retain for the purpose of conducting computer inspections, as well as any experts retained for trial purposes (hereinafter referred to collectively as "**experts**"). Prior to disclosure to any expert, such expert must agree to be bound by the provisions of this order. In no event may Attorneys Eyes Only Materials be provided to any employee, officer, director, or in-house counsel of the parties, even if such persons have been designated as experts for a party. Defendant, in particular, will not be permitted to view any Attorneys Eyes Only Materials other than what Plaintiff contends have already been disclosed to Defendant.

**7.     Possession and Security of Materials.**

Except as provided in paragraphs 4 through 6, counsel for the parties shall keep all materials designated as Confidential Material or Attorney's Eyes Only Material which are received under this order secure within their exclusive possession and shall place such materials in a secure area.

**8.     Subpoenas.**

If any party is served with a subpoena, demand, order, obligation, or other request that the served party produce the originating party's Confidential Materials or Attorney's Eyes Only Materials, notice shall be given to the originating party promptly, and the originating party shall take reasonable steps (with which all parties shall reasonably cooperate) to ensure that such materials are not disclosed.

**9. Copies.**

All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential or Attorney's Eyes Only Materials, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" if these words do not already appear.

**10. Use of Material in Litigation and Trial.**

(a) To the extent that any answers to interrogatories, transcripts or videotapes of depositions, responses to requests for admissions, or any other papers or materials filed or lodged with the Court reveal or tend to reveal materials or information claimed to be Confidential Material or Attorney's Eyes Only Material, such papers and any portion thereof shall be filed under seal or lodged, as appropriate, by the filing party in an envelope marked "SEALED." A reference to this Stipulation and Order shall also be made on the envelope.

(b) No trade secret information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 10(a).

(c) The designation of confidentiality by a party may be challenged by any party upon noticed motion. The movant must accompany such a motion with a statement showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion.

(d) Within 60 days after the conclusion of the litigation (including any appeals), all Confidential and Attorney's Eyes Only Materials, including all copies as defined in paragraph 9, shall be returned to the originating party. If the parties so stipulate, the materials may be destroyed.

//
//
//

**11.    Privileged Documents.**

Nothing contained in this order is intended to require the production of non-relevant or privileged documents or to prevent a party from withholding production on those or any other grounds.

SO STIPULATED:

**Dated**: May ___, 2009            **MACLEOD & ZIAEE, LLP**

                                    _____
                            By:    Tymothy S. MacLeod
                                    Attorneys for Defendants Fluidity Enterprises, Inc. and Michelle Austin


**Dated**: May ___, 2009            **LEE, TRAN & LIANG, APLC**

                                    _____
                            By:    Enoch H. Liang
                                    Attorneys for Defendant/Cross-Complainant FLUIDITY FITNESS, LLC


**Dated**: May ___, 2009            **AIRES LAW FIRM**

                                    _____
                            By:    Timothy Carl Aires
                                    Attorneys for Plaintiff and Cross-Defendant FJ ASIA CO. LTD.; Cross-Defendants FJ ASSOCIATES and FITJOY SOURCING & DEVELOPMENT CO. LTD.


IT IS SO ORDERED.

Date: July 31, 2009
                                    _____
                                    Hon. Oswald Parada

8
[PROPOSED] PROTECTIVE ORDER